UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS R. DOLCE,

                         Plaintiff,

v.                                             Civil Action No. _____

MULLEN AND IANNARONE, P.C.

                         Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Nicholas Dolce, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Mullen and Iannarone, P.C., (hereinafter "Mullen and Iannarone") is a domestic professional service corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That a Nicholas L. Dolce allegedly incurred a debt related to Bethpage Federal Credit Union. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Nicholas L. Dolce allegedly defaulted on the subject debt.

12. On or about August 20, 2019, the Defendant sent a letter addressed to Nicholas L. Dolce to the Plaintiff, Nicholas R. Dolce, in relation to the alleged subject debt

13. On or about December 6, 2019, Plaintiff sent a letter disputing the debt, via certified mail with return receipt, on the basis that he is not Nicholas L. Dolce and he did not owe the subject debt.

14. On or about December 11, 2019, the Defendant responded to the Plaintiff's letter and requested a copy of the Plaintiff's license to verify that he is not the intended owner of the subject date.

15. On or about December 16, 2019, the Plaintiff sent, via email, a copy of his license to the Defendant.

16. On or about December 16, 2019, the Defendant responded to the Plaintiff's email, and advised the Plaintiff they would remove his name and address from their records.

17. On or about July 7, 2021, the Defendant sent a collection letter to the Plaintiff's address in an attempt to collect the subject debt.

18. On or about July 29, 2021, the Defendant sent a second letter to the Plaintiff in relation to the subject debt, stating that "money or property belonging to you may have been taken or held in order to satisfy a judgment entered against you."

19. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

20. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

21. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

22. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

23. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e (2), 15 U.S.C. §1692e (5), 15 U.S.C. §1692e (10) by attempting to collect a debt that is not owned by the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692c(c), by contacting the Plaintiff after the Plaintiff disputed owing the debt.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 9, 2021

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com